FRANK W. PARSON v. CEYLON E. LYMAN and Another.[1]

January 4, 1898.

Nos. 10,747—(198).

**Trial—Requests to Charge—Wording to Avoid Misapprehension.**

When preparing requests to charge, it is not necessary that counsel should word the same so as to anticipate and guard against every possible opportunity for misapprehension on the part of the jury.

**Same—Personal Injuries—Contributory Negligence—Affirmative Defense—Evidence—Burden of Proof.**

In a personal injury case, where it was contended that plaintiff was guilty of contributory negligence, which would prevent a recovery, the court was, in substance, requested to charge the jury that such negligence was an affirmative defense to be established by a preponderance of evidence. *Held*, that the request should have been complied with, notwithstanding the fact that there was not included an instruction that plaintiff's contributory negligence could be as well established by his own evidence, if it appeared therein, as by the evidence of the defendants.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., denying his motion for a new trial, after a verdict for defendants. Reversed.

The plaintiff's fourth request, mentioned in the opinion, was as follows:

"4. If you find that there were defects in the machine either of construction or in state of repair, or by reason of the absence of parts properly belonging to it, and you find that such defects existed by reason of the lack of ordinary care on the part of the defendants or their representative, then the plaintiff is entitled to recover, and this is so even if you find that he knew of those defects, but did not know or appreciate the dangers and risks incident to those defects."

*Bodge & Gould* and *Rome G. Brown*, for appellant.
*Koon, Whelan & Bennett*, for respondents.

COLLINS, J.

After working for defendants in their flax mill for a few days, plaintiff was put in charge of a machine called a "flax break," used

1 Reported in 73 N. W. 634.

for converting flax straw into tow, and in which were a number of rollers liable to become clogged with the material in process of conversion. When the rollers became so clogged, it was the duty of the operative in charge to stop the running, and then to remove the material which had caused the clogging, by pulling it out from between the rollers with his hands. Near by was another machine, called a "cylindrical picker," which revolved very rapidly, in close proximity to the sixth or lower roller, and did not stop when the rollers upon the break ceased running.

On the day that plaintiff commenced to operate this break, the rollers became clogged. He stopped it, and, while endeavoring to remove the clogging material from between the rollers, plaintiff's hand came in contact with the teeth of the picker, causing injury and damage, for which a recovery was sought in this action. The verdict was for defendants, and this appeal is from an order denying a motion made by plaintiff's counsel for a new trial.

It is contended upon appeal that the trial court erred in three of its rulings made as to the admissibility of evidence, and the first three assignments of error relate to these rulings, while the remainder go either to the accuracy of certain portions of the charge as given, or to the correctness of a number of rulings by which the court refused to charge as requested by plaintiff's counsel.

We shall at the outset take up the contention that the court erred when it refused to give plaintiff's tenth request, which had reference to the claim that plaintiff was guilty of contributory negligence, and for that reason could not recover. The request was in this language:

"10. If you should find that the injuries occurred by reason of any negligence on the part of the defendants, then the plaintiff is entitled to recover, unless it affirmatively appears by a preponderance of evidence on that point that the plaintiff was guilty himself of negligence which contributed to the injuries in question. The question of contributory negligence of the plaintiff is a matter of defense, which must be affirmatively established by a fair preponderance of evidence. If, on this question of contributory negligence, you should find that the evidence was equally balanced, then upon that question you would have to find in favor of the plaintiff."

The trial court not only refused to give this request,—an excep-

tion being taken,—but in its general charge, after stating what might constitute negligence in respect to the duty owed by defendants to plaintiff, and upon which negligence a verdict in favor of the latter might be based, charged the jury as follows:

"Then, if you find the defendants were negligent in both or either one of the matters I have stated to you, then, in order to entitle the plaintiff to recover, it must appear from the evidence in this case that he was not chargeable with negligence on his part which contributed to his injury."

This was an instruction that, before plaintiff would be entitled to recover, the jury must find affirmatively that he was not chargeable with negligence which contributed to the injuries of which he complained. Stating that, before plaintiff could recover, "It must appear from the evidence in this case that he was not chargeable with negligence on his part which contributed to his injury," had the effect of shifting the burden of proof from defendants to the plaintiff upon the subject of contributory negligence. It was equivalent to charging the jury directly that it was incumbent upon the plaintiff, before he could recover, to establish by a preponderance of evidence that there was no negligence on his part which contributed to his injuries. This instruction was manifestly erroneous, for the law is that contributory negligence is a defense, and, as such, must be established by a preponderance of evidence. The burden of proof upon this matter was with the defendants, not upon the plaintiff.

But no exception was taken to this part of the charge, so that the question turns, not upon the error which was committed by the use of this language, but rather upon the sufficiency and correctness of counsel's tenth request, which, as before stated, was rejected by the court; an exception being reserved to the ruling. If the request preferred and submitted by counsel was a clear and correct statement of the law applicable to the subject it purported to cover, the exception was well taken.

It is urged by counsel for defendants, in support of the ruling, that the natural effect of that part of the request in the following words, "The question of contributory negligence of the plaintiff is a matter of defense, which must be affirmatively established by a

fair preponderance of the evidence," would be to mislead the jury, and cause them to infer that such negligence must be established by the defendants by a fair preponderance of their own evidence; and that it could not be adequately established by plaintiff's evidence, or by the whole evidence. Another point of the request, as follows: "If, on this question of contributory negligence, you should find that the evidence was equally balanced, then upon that question you would have to find in favor of the plaintiff," is, it is argued, subject to the same criticism, simply carried out the error, and was based on the same wrong assumption that contributory negligence is a defense, which must be proven by the defendants independently of the plaintiff's evidence.

It is true that, when the court is requested to instruct the jury, it is incumbent upon the party making the request to put his proposition in clear, precise and intelligible form, so that no reasonable ground can be left for misapprehension on the part of the jury. But it is not necessary that every possible opportunity for misapprehension be anticipated and guarded against when wording the proposition. Here, in so far as they went, the propositions stated in the request were clear, precise and intelligible. As abstract statements of the law they were correct. The objection to the instruction embodied in the request could not have been that the language was obscure or ambiguous, but rather that it might not be properly applied by the jury to the evidence, without something further and explanatory. That the jury might not fully appreciate that plaintiff's contributory negligence could be as well established by his own evidence, if it appeared therein, as by that of his adversary,—was no justification for the refusal to instruct as requested, and evidently was not the reason for the refusal. If it was feared that the abstract propositions found in the request might not be correctly applied by the jury to the facts, as proven, the court, of its own motion or upon the suggestion of counsel, could easily have instructed upon this point, and should have done so.

As the rejected request contained a pertinent and material instruction, and the ground was not covered elsewhere in the charge,

but, on the contrary, the jury was incorrectly charged, there was error for which a new trial must be had.

In view of another trial, it is advisable to refer briefly to plaintiff's fourth request, which the court refused to give, an exception being taken. A verdict in plaintiff's favor, other elements necessary for a recovery being present, might be based upon defects in the flax break growing out of the improper construction of the machine originally, or arising subsequently and because its parts had become broken or displaced. It might be dangerous, unsafe and defective, not only as originally constructed, but because of its condition of repair, and the jury should have been so instructed if the state of the evidence warranted such an instruction. No opinion need be expressed on this point, for it would serve no purpose upon the new trial, which must be had, and at which the evidence may be altogether different.

Order reversed.