MARY A. TOLAND *vs.* PAINE FURNITURE COMPANY.

Suffolk.    November 24, 1899. — March 3, 1900.

Present: HOLMES, C. J , MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Defective Condition of Premises — Negligence — Action.*

Where, in an action for personal injuries caused by an alleged defective condition
of premises which the plaintiff was invited to enter, the evidence is as consistent
with the existence of the defect, if there was one, for a few moments only before
the accident, as it is with its existence for a longer time, the plaintiff fails to
sustain the burden of showing that the defect had existed so long that the de-
fendant in the exercise of reasonable care ought to have known of it and
remedied it, and cannot maintain the action.

TORT, for personal injuries occasioned to the plaintiff by fall-
ing down a flight of stairs, through the alleged negligence of the
defendant in permitting the covering of the floor in its store in
Boston, which the plaintiff was invited to enter, to be in a de-
fective condition.   At the trial in the Superior Court, before
*Gaskill,* J., the jury returned a verdict for the plaintiff; and the
defendant alleged exceptions.   The facts material to the point
decided appear in the opinion.

*J. Lowell & S. H. Smith,* for the defendant.

*C. F. Choate, Jr.,* for the plaintiff.

MORTON, J.   The plaintiff was bound to show by a fair pre-
ponderance of the evidence that the accident was due to negli-
gence on the part of the defendant.   She was herself unable to
tell what caused it.   But that, as the presiding justice told the
jury, was not conclusive against her right to recover, if the acci-
dent was in fact due to the defendant's negligence.   It is not
contended, and it could not be, that the maintenance of the stair-
way close by the door through which the plaintiff passed, and the
neglect of the defendant to warn the plaintiff of it constituted
negligence on its part.   *Hunnewell* v. *Haskell,* 174 Mass. 557.
What the plaintiff relies on is that the small mat between the
top of the stairs and the long mat was curled up and out of re-
pair, and worn on the edge next to the long mat, and that that
caused her to trip and fall.   In order to entitle her to recover on

that ground she was bound to show that that was its condition at the time of the accident, and that the defendant knew it, or in the exercise of reasonable care ought to have known it, and to have remedied it. The only evidence tending to show such defective condition was the testimony of a witness who examined the mat on the same day several hours after the accident; of another witness who examined it on Monday, the accident having occurred on Saturday, and the testimony of a man in the defendant's employ who had charge of arranging the two rooms on the first floor of the defendant's store, of which the room where the accident occurred was one, and of the carpets, mats, and floors of those rooms, and who testified in substance that he knew what the condition of the mats was about the time of the accident, that he did not notice that the mat was curled up; that he did not notice any change in the condition of the mats, and did not know whether there was any between the time of the accident and the time when they were examined several hours later by the witness referred to above, and that there was no change to his knowledge for a month after. Taking into account the character of the alleged defect, we think that this evidence, if it does not fall short of showing that there was a defective condition at the time of the accident, at least falls short of showing that, if there was such a condition, it had been there so long that the defendant knew or ought to have known of it. The evidence is as consistent with the existence of the defect, if there was one, for a few moments only before the accident, as it is with its existence for a longer time. It does not seem to us, therefore, that the plaintiff has sustained the burden of showing that the defect (if there was one) had existed so long before the accident that the defendant, in the exercise of reasonable care, ought to have known of it and remedied it.

We think that the exceptions should be sustained.

_So ordered._