MARTIN J. HUGHES v. JAMES MEEHAN and Another.[1]

December 5, 1900.

Nos. 12,288—(102).

**Charge to Jury.**

At the trial of this action, which was brought to recover a balance alleged to be due upon an agreement to pay the reasonable value of certain pine timber sold by plaintiff's intestate to defendants, the court, at the close of its charge, instructed the jury as follows: "So, taking into consideration all the circumstances in the case appearing upon the trial, as part of the evidence in the case, *and remembering that you are to consider probabilities and circumstances as part of the evidence in deciding this case,* I submit it to you." *Held,* that it was error to instruct in the language above italicized, and that, taking into consideration the form of this instruction and the fact that it was given at the end of the charge, it may have been prejudicial to defendants.

Action in the district court for Red Lake county by plaintiff as administrator of the estate of James C. O'Brien, deceased, to recover $1,944 as the price of pine timber sold by the intestate to defendants. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $1,600. From an order denying a motion for a new trial, defendants appealed. Reversed.

*Henry W. Lee,* for appellants.

*Ira C. Richardson, H. Steenerson* and *Charles Loring,* for respondent.

COLLINS, J.

This action was brought to recover a balance claimed to be due upon an agreement to pay the reasonable value of certain pine timber sold by plaintiff's intestate to the defendants. The defense was that the timber was sold at an agreed price for the whole

[1] Reported in 84 N. W. 331.

thereof, and that the entire amount so agreed upon had been paid.

We find it necessary to consider but one question in the case, and that is the correctness of a certain part of the charge to the jury to which an exception was taken by the defendants. After finishing the charge, apparently, including certain propositions embodied in the requests made by defendants' counsel, the court used the following language:

"So, taking into consideration all the circumstances in the case appearing upon the trial, as part of the evidence in the case, *and remembering that you are to consider probabilities and circumstances as part of the evidence in deciding this case,* I submit it to you."

That portion of the quoted paragraph which is italicized was the part excepted to by the defendants. This language was erroneously injected into the charge, and we are of the opinion that it might have misled the jury to defendants' prejudice. It was at the end of the charge, and consequently at a time when it would naturally impress itself upon the minds of the jurors with great force. They were then expressly and emphatically directed to remember that in deciding the case they were to consider probabilities and circumstances as part of the evidence, not such only as had been made to appear by or in the evidence. If the instruction had clearly been that they could consider probabilities and circumstances disclosed by the evidence, the charge would have been less liable to mislead, and less objectionable. In fact, this was the substance of the first clause of the quoted paragraph, but it was immediately followed by the clause excepted to, which would to some extent, at least, remove the effect of the prior language. The time when the erroneous language was used and its form served to direct special attention to it. If this had not been the case, it is probable that reversible error could not have been predicated upon it.

We find no other exceptions or questions made by the record which need to be considered.

Order reversed.