DUELL, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*October 22—November 11, 1902.*

*Carriers: Negligence: Injury to passenger alighting from train: Failure to light platform: Pleading: Concurring elements of negligence: Court and jury.*

1. In an action for injuries sustained by a passenger while alighting from a train at a station platform, where the complaint alleged that defendant was negligent in several respects, it was not necessary to prove that all of the elements of negligence so alleged concurred in producing the injuries, but was sufficient if one of them, such as the failure to keep the place properly lighted, was the proximate cause of the accident.

2. A finding of the jury in this case that the station platform was not sufficiently lighted to enable the plaintiff to alight in safety from the train is *held* not to be sustained by her unsupported testimony that the brakeman had no light and that there was no light whatever on or near the platform,—it being established to a substantial certainty by other testimony that the train was lighted, the depot lighted, and several lamps on the platform were lighted, one within thirty feet of the place of the accident, and it being certain, and so found by the jury, that the brakeman stood at the steps with a lighted lantern and attempted to assist the plaintiff.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

The purpose of this action is to recover damages claimed to have been sustained by plaintiff while alighting from one

of defendant's passenger trains at Eland Junction, Wisconsin, about 3 o'clock in the morning of June 10, 1900. The negligence alleged was that the place where the car stopped and where plaintiff was to alight was not a safe or proper place, in that the platform was too high and too far from the car step; in that there was no light at or near the platform; in that defendant's brakeman had no lantern and gave no warning, and the place was so shrouded in darkness that plaintiff was unable to distinguish the location of the platform and the distance from the step. All negligence was denied by the answer. The plaintiff testified to the absence of light, and that because she could not see the platform, in attempting to alight, her toe only struck the platform, and she slipped and was injured. The defendant's testimony showed that the distance from the edge of the platform to the lower step, on an angle, was nine inches. The step was four and one half inches higher than the platform, and the distance between the edge of the platform and the step, on a line extending horizontally from the platform, was seven and five-eighths inches. Defendant's testimony also showed that the defendant's brakeman was at the place with a lighted lantern and attempted to assist plaintiff in alighting, that the cars were lighted, and the depot lighted; and that there was a lamp on a post less than thirty feet distant, and one on the side of the depot near the baggage-room door, besides other lights farther away. A motion by defendant to direct a verdict in its favor was denied. The following special verdict was rendered:

"1. Was the plaintiff injured on the 10th day of June, 1900, at the station of Eland Junction, while alighting from the train of the defendant? *Answer* (by the court). Yes. 2. Was the platform in question so constructed as to be reasonably safe for passengers to alight upon and from trains at the point where the accident occurred to the plaintiff? *A.* (by the court). Yes. 3. When the plaintiff descended the steps of the coach towards the depot platform, was the

brakeman of the defendant company standing upon the depot platform at the steps of the coach which plaintiff was descending, ready and willing to assist the plaintiff? *A.* (by the court). Yes. 4. Did the brakeman then and there have a lighted lantern? *A.* Yes. 5. Did the brakeman then and there offer to assist the plaintiff? *A.* Yes. 6. Did the plaintiff decline the assistance of the brakeman? *A.* No. 7. Was the station platform, at the point where the accident happened to the plaintiff, sufficiently lighted to enable the plaintiff, in the exercise of ordinary care, to descend from the car steps to the station platform with reasonable safety? *A.* No. 8. If you answer question No. 7 'No,' then was such insufficiency of light the proximate cause of the injury plaintiff sustained? *A.* Yes. 9. If you answer question No. 8 'Yes,' then ought the defendant reasonably to have foreseen that a person might be injured in getting off the cars in the nighttime onto the station platform at the point in question, under all the circumstances and conditions in which plaintiff alighted? *A.* Yes. 10. Was the plaintiff guilty of any want of ordinary care which proximately contributed to the injury she sustained? *A.* No. 11. If the court shall be of the opinion that the plaintiff should recover upon this special verdict, at what sum do you assess plaintiff's damages? *A.* $1,500."

The defendant made a motion to strike out the answers to questions 6, 7, 8, 9, and 10, and for judgment, and, in case that was denied, for a new trial, which was denied, and duly excepted to. Exceptions were also duly filed to the charge. Judgment was entered for plaintiff, from which the defendant takes this appeal.

*Edward M. Hyzer,* for the appellant.

For the respondent there was a brief by *Flett & Porter,* and oral argument by *W. H. Flett.*

BARDEEN, J. It is conceded by respondent that the judgment must be reversed because of error in the judge's charge. The appellant, however, insists that the judgment should be reversed and judgment should be directed by this court in accordance with its motion in the court below. In support

of this contention it is argued that the real negligence charged was a defective or improper platform and failure of the brakeman to caution plaintiff at the time she was alighting; that the allegation of want of light was but one of the elements of negligence, put in by way of inducement, to make effective and operative the alleged defective platform and the failure of the brakeman to assist plaintiff. We cannot agree with this contention. To so construe the complaint would be to exclude several material allegations and do injustice to the plain intent of the pleader. The place where plaintiff was required to alight was alleged to be an improper place, for a number of reasons; that is, defendant was guilty of negligence in several respects mentioned. Among others was the failure to keep the place properly lighted. While alleged conjunctively, we do not think plaintiff was compelled to prove that all of the elements of negligence so alleged concurred in producing the injury she sustained. It was undoubtedly defendant's duty at least to use ordinary care and prudence to provide and maintain safe alighting places for passengers. *McDermott v. C. & N. W. R. Co.* 82 Wis. 246, 52 N. W. 85. Its duty may not be fully discharged by providing a reasonably safe platform. If the traveler is subjected to danger in alighting upon a reasonably safe platform by reason of the want of a proper light, the carrier may be liable in damages if an accident occurs. As said in *Patten v. C. & N. W. R. Co.* 32 Wis. 524:

"There is no absolute rule as to what constitutes negligence in a case like this. Whether there was a want of such care and prudence as the company should exercise in a particular case, in not having a light in or about the depot when the plaintiff left the train, is not a pure question of law, but rather one of law and fact."

We think there was enough in the complaint to warrant the court in submitting to the jury the question of defendant's negligence, arising from want of lights at the place in question.

A more important question arises on defendant's motion to direct a verdict, and motion to correct the verdict and for judgment. By reference to the special verdict, it will be seen that the trial court determined that the platform in question was reasonably safe, and that defendant's brakeman was ready and willing to assist plaintiff as she alighted. The jury found that the brakeman had a lighted lantern, and offered to assist plaintiff. They further found that the platform was not sufficiently lighted to enable plaintiff to alight in safety, which was the proximate cause of plaintiff's injury. The only evidence to support this conclusion was given by plaintiff, and was of such a character, in view of the testimony of other witnesses, as to lead the trial court to remark that "it is a pretty thin case to submit to the jury." The better to understand the bearing of the testimony of other witnesses, we quote plaintiff's statement of the situation:

"I did not step on the platform, because I could not see it; it was so dark. We had no light, the brakeman had no light, and there was no light near the train; near the depot; near the platform. There was no light whatever on the platform there. There were no lights visible anywhere that I saw. No light shone where I was when I got off. There was a light in the depot, after we got in the depot. That was the only light I saw."

The jury have impeached the plaintiff in one respect, by finding that the brakeman was there, ready and willing to assist, and that he had a lighted lantern. That fact is overwhelmingly established by the evidence. She is further impeached by the fact that there were several other lights on the platform,—one within less than thirty feet from where she was. There is also evidence of another light on the side of the depot near the baggage-room door. The depot was lighted; there having been lights in the men's waiting room, office, women's waiting room, and lunch room,—all of said rooms having one or more windows toward the train. The cars were also lighted. Several witnesses testified as to the

amount of light; one saying that "it was not very dark;" another, "The condition was so you could see the space between the steps and the platform." Another witness, who was waiting for the arrival of the train, walked up and down the platform, and said that it was light enough to see to walk. As is usual in such cases, where there is no absolute standard of comparison, the witnesses vary somewhat as to the exact condition. There is, however, no dispute about certain facts which impeach the plaintiff's testimony, and render it absolutely certain she was mistaken. She says there was no light there of any kind. It is absolutely certain, and the jury so found, that the brakeman stood at the steps with a lighted lantern and attempted to assist plaintiff. No witness testified absolutely as to the amount of light given out by the lantern. It is, however, a matter of common knowledge that such lanterns throw light some little distance. Summing up the situation, we have the facts established to substantial certainty that the train was lighted; the depot lighted; several lamps on the platform were lighted, one of which was within thirty feet of the place of the accident; the brakeman was at the place with a lighted lantern; and the testimony of other witnesses that they could see to walk on the platform, and see the space between the step and the platform. Opposed to this is the bare statement of plaintiff quoted. Her statement being impeached by the jury's finding and other established facts in the case, we think the court should have granted the defendant's motion to strike out the answers to questions as requested, and granted the judgment for defendant.

The judgment will therefore be reversed, and the cause remanded with directions to grant such motion and to enter judgment for defendant.

*By the Court.*—So ordered.