## ANNA ALBACHTEN v. THE GOLDEN RULE.[1]

January 19, 1917.

Nos. 20,074—(204).

**Negligence of shopkeeper — step between intersecting hallways.**

1. Intersecting hallways in defendant's place of business, to which it invited the public to enter for the purposes of trade, were upon different floor levels; one hallway leading from another at right angles was upon a level three or four inches higher, and there was a four-inch step at the point of intersection. It is *held* that the presence of this step was not, standing alone, sufficient to charge defendant with negligence in the condition of its premises, nor to require the submission of the question to the jury.

**Same — proof of negligence.**

2. Negligence is not presumed, and, if the step created a dangerous situation by reason of the absence of adequate light, the burden was upon plaintiff to produce evidence that the hallways were unlighted.

Action in the district court for Ramsey county to recover $4,500 for personal injury received in the department store of defendant corporation. The answer alleged that if plaintiff sustained any injury it was caused by her own negligence and failure to observe her surroundings. The case was tried before Michael, J., who directed a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Douglas, Kennedy & Kennedy,* for appellant.

*McLaughlin & McLaughlin* and *J. F. Cowern,* for respondent.

1 Reported in 160 N. W. 1012.

BROWN, C. J.

Defendant operates a department store in the city of St. Paul, and among other activities conducts and maintains a ladies' hair dressing department in connection therewith. The waiting or reception room of this department, located upon the second floor of the building, is connected by hallways with small working rooms, and the two hallways here involved intersect at right angles. The hallway leading from the reception room is upon the same floor level, but the intersecting hallway is upon a level three inches higher, and immediately at the intersection there is a step of that height. Plaintiff visited defendant's place of business for the purpose of having her hair dressed at the department mentioned. In going from the waiting room to the room where the desired service was to be rendered, she was required to pass down the hallways referred to, and as she turned to enter the intersecting hall her foot came in contact with the step at the entrance thereof, causing her to stumble and fall to the floor, from which she received the injuries of which she complains. She brought this action to recover therefor, predicating the same upon the alleged negligence of defendant in maintaining a dangerous step at the point in question, and in its failure to advise and warn plaintiff of its presence. The court below, at the conclusion of the trial, directed a verdict for defendant upon the ground that the evidence failed to establish the allegations of negligence made the basis of the action, and plaintiff appealed from an order denying a new trial.

The general rule that a shopkeeper is under legal obligation to keep and maintain his premises in reasonably safe condition for use, as to all whom he expressly or impliedly invites to enter the same is not questioned. The sole question presented is whether the evidence shows a negligent violation of that duty. Our examination of the evidence leads to a conclusion in harmony with that of the trial court. We are clear that the presence of the step at the entrance of the intersecting hall was not, standing alone, sufficient upon which to predicate a charge of negligence on the part of defendant, or to require a submission of the issue to the jury. Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Hunnewell v. Haskell, 174 Mass. 557, 55 N. E. 320; Accousi v. G. A. Stowers Co. (Tex. Civ. App.) 87 S. W. 861; F. W. Woolworth & Co. v. Conboy, 170 Fed. 934, 95 C. C. A. 404, 23 L.R.A. (N.S.) 743. Situations of that kind

are not uncommon in public buildings or business places to which the public are invited to enter for the purpose of trade, and the presence of different floor levels is not of itself such a dangerous situation or condition as to constitute negligence *per se.* There was no showing in the case at bar that the absence of adequate light rendered the place dangerous to those not familiar with the presence of the step, or that there were distracting circumstances which threw plaintiff off her guard. For aught that appears from the record the halls were well lighted, and the step thus rendered plainly observable to one exercising ordinary care for his own protection. In the absence of some showing to the contrary we are bound to assume that defendant exercised due care in this respect, and if in fact there was an absence of necessary light, the burden was upon plaintiff to produce evidence thereof, for negligence cannot be presumed. Nor does the evidence present any other fact which, coupled with the step at the entrance of the hall, would justify a submission of the question of negligence to the jury. The sole fact appearing is the presence of the step. That we hold insufficient, and under the evidence presented there was no negligence in the failure of defendant to warn plaintiff of its presence. The case is wholly unlike Polenske v. Lit. Bros. 18 Pa. Super. Ct. 474; and Bloomer v. Snellenburg, 221 Pa. St. 25, 69 Atl. 1124, 21 L.R.A.(N. S.) 464. In those cases the cause of the injury complained of was an abrupt step to a lower level in an alley or passageway extending through the main room of the store, on either side of which were counters and show cases filled with goods on display, and so arranged as to attract the attention of those passing along the way between them. The abrupt step to another level was not observable to one whose attention was taken up in looking at the goods on exhibition, and the court there held that they were entitled to warning of the presence of the danger. Such facts, or facts kindred thereto, do not appear in the case at bar, and the cases referred to are clearly distinguishable.

Order affirmed.