## ANN BARRETT v. C. E. VAN DUZEE.[1]

February 15, 1918.

No. 20,716.

**Theatre and show — unlighted stairway — question for jury.**

1. In this action to recover damages for injuries received in a fall on a stairway in a theatre, it was alleged that the stairway was negligently constructed and left unlighted. There was no evidence that the fall was the result of any defect in the stairway. Whether it was left unlighted and thereby caused plaintiff to fall was made an issue for the jury.

**Evidence — subpoena to witness.**

2. Ordinarily it is not material for the jury to know whether plaintiff or defendant subpoenaed a witness who has given important testimony on a vital issue in the case.

**Witness — redirect examination.**

3. As a rule it is not permissible by redirect examination of a witness, to bring out the fact that he has repeated the story told on the witness stand for the purpose of counteracting the admission of a prior contradictory statement, made in his cross-examination. Plaintiff did not bring the witness within the exception pointed out in State v. La Bar, 131 Minn. 432.

**Witness — credibility.**

4. How long the witness' husband had been engaged in the real estate business could be of no possible aid in determining any issue involved, and could not bear upon the credibility of the witness.

**Question for jury.**

5. The evidence warranted the submission of plaintiff's lapse of memory.

[1] Reported in 166 N. W. 407.

**Trial — statement by court.**
> 6. The court made no misstatement of a fact in the case, nor prejudiced plaintiff by the observation that a person may, under some circumstances, go safely down a dark stairway, for it conveyed the thought that plaintiff was not to be held guilty of negligence as a matter of law by entering a dark place.

Action in the district court for Hennepin county to recover $10,400 for injuries received in falling down a stairway on defendant's premises. The answer alleged plaintiff's injuries were caused by her want of care. The case was tried before Fish, J., and a jury which returned a verdict for defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*James Manahan* and *Thomas V. Sullivan,* for appellant.

*Hall, Tautges & Sapiro,* for respondent.

HOLT, J.

Defendant conducted a moving picture theatre in Minneapolis. On either end of the foyer a door opened into a stairway leading down to the basement floor where were toilet facilities. In the afternoon of February 13, 1915, plaintiff, a lady upwards of 70 years of age, went with her relative Mrs. Carlson, to attend a performance at this theatre. She desired to go to the toilet rooms, and Mrs. Carlson directed her to the door. She fell and was found at the bottom of the stairway with both arms fractured. This action was brought to recover for the injury suffered, on the theory that it was caused by defendant's negligence in failing to have a properly constructed stairway and in failing to have it lighted. A verdict was rendered for defendant and plaintiff appeals from the order denying a new trial.

There is not a particle of evidence tending to establish that plaintiff's fall resulted from any defect in the construction of the stairway or its approach. Hence the sole ground of recovery is the alleged failure to properly light the stairway. The evidence clearly made that issue one for the jury; so that unless prejudicial error is pointed out in the rulings or in the instructions of the court, or in permitting the jury to pass upon the defense of contributory negligence, this court cannot set aside the verdict, approved as it is by the trial court.

Bloomberg, defendant's manager of the theatre at the time of the accident, was called as witness by plaintiff, and testified that the lights in the stairway were not turned on when he found plaintiff at the bottom thereof. His cross-examination developed that, immediately after the occurrence, he told defendant and his attorney to the contrary. On redirect plaintiff sought to show what party to the action had subpoenaed the witness. Such a legitimate preparation for the trial as subpoenaing a witness, who on the stand gives testimony upon a most vital fact in dispute, ought not to weigh for or against a party with the jury. Time should not be consumed upon such matters, and, as the court well remarked, it was perfectly apparent from Bloomberg's testimony why plaintiff should have secured his presence at the trial. Surely, no adverse comment upon the witness' testimony can be spelled out of the court's remark.

Because the cross-examination of Bloomberg disclosed that he had made statements at variance with the story told on the witness stand, it was not permissible on redirect to show by him that he had also repeatedly told the story testified to. State v. La Bar, 131 Minn. 432, 155 N. W. 211. Plaintiff laid no foundation for bringing the testimony sought to be elicited within the exception pointed out in the case cited.

It is not apparent why, in the cross-examination of Mrs. Carlson, it was at all material that the jury should know how long her husband had been engaged in the real estate business. It would not aid in determining the credibility of her testimony.

Error is predicated upon the submission of the defense of contributory negligence to the jury, and the manner of its submission. The answer alleged that plaintiff by her own negligence and want of care caused the injuries. Defendant offered no affirmative or direct proof of such negligence or want of care. But if the evidence introduced by plaintiff in proving her case, together with other established facts, warranted the jury in arriving at the conclusion that her want of ordinary care contributed to the accident, the court was right in submitting the defense pleaded. Hocum v. Weiterick, 22 Minn. 152; Parson v. Lyman, 71 Minn. 34, 73 N. W. 634; Mellon v. Great Northern Ry. Co. 116 Minn. 449, 134 N. W. 116, Ann. Cas. 1913B, 843. The foyer was well lighted, which to a certain extent would light the upper landing and stairway

when the door thereto was opened. There was also evidence that this door stood ajar. The first step was not flush with the outer edge of the door as it swung in over the landing, but was some 7 inches from the nearest door jamb. There was a hallway or landing of about 4 feet square before the steps began. This landing was level with the floor of the foyer. Plaintiff could give no account whatever of what happened after she opened the door, but claimed that she fell as soon as she got hold of the knob. She was found at the bottom of the steps, but does not know how she got there. The stairway was wide and comparatively easy, having 7-inch risers with slate steps about 12 inches wide. There was evidence that when found she blamed no one and said that she must have slipped on the stairs. We think it was for the jury to say whether plaintiff used ordinary care when she stepped out into, what she claimed to have been, a dark and, to her, strange passage, without taking more precaution than she testified to having taken to ascertain her surroundings and guard against injury. The jury could reasonably find that had she used ordinary care she would have observed the situation and escaped the fall. The court did not err in submitting the question of plaintiff's contributory negligence to the jury.

Nor are we able to see any merit in the contention that the learned trial court unduly emphasized this defense, or that he, in any manner, failed to clearly give the correct legal definition of contributory negligence. If the jury in the first instance were not directly told that age is one of the matters to be considered in passing upon a party's alleged contributory negligence, they were expressly so instructed when information was asked by them on that very point, the court saying: "You remember that the definition of negligence includes the same or similar circumstances. That covers all the circumstances in the case, the age and the physical condition of the party as well as the other circumstances in the case."

The jury, in considering plaintiff's account of the fall, evidently became puzzled because of the exceeding meager knowledge she displayed as to the manner of its occurrence. She was ever ready to stake her life on the fact that there was no light in the stairway, but accounted for her ignorance as to other details by stating: "When I opened the door I don't know, I fell and that is the last I remember of it  *  *  *  I don't re-

member nothing after I opened the door * * * I could not tell how it happened." It is no wonder that the testimony suggested to a juror that plaintiff had been seized with a fainting spell, and the court was asked for further instructions on that point. The court said: "You have heard the plaintiff's statement of what occurred, and if it appears * * * if you are satisfied that there was a complete lapse of memory, you will take that fact into account, if you are satisfied that that was a fact, no matter how it came about." Upon this error is assigned, and we are cited to Rogers v. Meyerson Printing Co. 103 Mo. App. 683, 78 S. W. 79; Rugland v. Tollefsen, 53 Minn. 267, 55 N. W. 123, and Hughes v. Meehan, 81 Minn. 482, 84 N. W. 331. In the first case the victim of the accident was dead and his version could not be had. The presumption of due care there prevailed against conjecture. Rugland v. Tollefsen depended on the fact of agency of which there was no evidence whatever. And the last case cited involved an obvious misleading statement, in view of what had already been said in the charge. Here we think plaintiff's testimony furnished a substantial basis for the jury considering whether a state of unconsciousness preceded or caused the fall.

No just complaint can well be made on account of this concededly true observation made in the charge, viz.: "A person may, under some circumstances, go safely down a dark stairway." If anything, it informs the jury that it was not negligence as a matter of law to attempt to go down, even though the stairway was without light. It certainly is not a misstatement of the facts condemned in the decision of Larkin v. City of Minneapolis, 112 Minn. 311, 315, 127 N. W. 1129, and Anderson v. Wormser, 129 Minn. 8, 151 N. W. 423, cited by appellant.

We discover no reversible error in the record.

The order is affirmed.