KAUFMAN DEPARTMENT STORES, Inc., v. CRANSTON et al.

(Circuit Court of Appeals, Third Circuit. June 14, 1919.)

No. 2466.

1. NEGLIGENCE ⟨⟩32(1)—CARE AS TO CUSTOMERS IN STORE.

    A storekeeper does not insure the safety of customers, but must merely exercise reasonable care to keep premises in a safe condition for their proper use.

2. NEGLIGENCE ⟨⟩32(1)—STOREKEEPER'S LIABILITY TO CUSTOMER TRIPPED BY CARPET.

    A storekeeper is not liable to a customer, injured by tripping on a worn carpet, unless he knew, or should have known, of the defective condition in time to have repaired it, or warned the customer, or the general condition was such that he should have anticipated that it would become dangerous, unless repaired or replaced.

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action by Martha C. Cranston and James Cranston against the Kaufman Department Stores, Incorporated. Judgment for plaintiffs, and defendant brings error. Reversed, and new trial granted.

George C. Bradshaw, Charles F. Patterson, and Patterson & Bradshaw, all of Pittsburgh, Pa., for plaintiff in error.

W. D. Grimes, of Pittsburgh, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

HAIGHT, Circuit Judge.   One of the defendants in error, while a customer in the department store of the plaintiff in error in the city of Pittsburgh, caught her foot in a tear or worn spot in a carpet or rug which covered one of the aisles of the store, and was thereby thrown to the floor.   As a result she sustained personal injuries, to recover damages for which she and her husband brought this action, and were awarded judgment in the court below.   The action was based upon the alleged negligence of the defendant in failing to maintain the carpet or rug in a safe condition.   It is not disputed that, under the evidence, the question as to whether Mrs. Cranston's injuries were due to the defendant's negligence was for the jury.

[1, 2] The error relied upon for a reversal of the judgment is the failure of the trial judge to charge certain of the defendant's requests or points for instruction to the jury.   Except one respecting contributory negligence, which we have found it unnecessary to consider, these requests embodied in substance the propositions that the defendant, as the proprietor of a department store, was not an insurer of the safety of its premises; that it owed to customers only the duty of exercising reasonable care to keep its store in a safe condition for their use; and that unless the defendant, before the accident, had actual knowledge of the defective condition of the carpet which plaintiffs claim caused Mrs. Cranston to fall, or, by reason of its having been in such a condition for so long a time, had constructive notice thereof, the plaintiffs could not recover.   Although the learned trial judge instructed the jury that the plaintiffs' right to recover was dependent upon a finding that the defendant had been negligent in respect to the inspection or repair of the carpet, or both, and defined negligence to be "the want of ordinary care under all circumstances," we are unable to find that anywhere in his charge he covered the substance of the defendant's requests.   Outside of the extent of Mrs. Cranston's injuries, the only controverted facts in the case were as to whether the defendant had actual knowledge of the worn-out condition of the carpet or rug before the accident, and as to the length of time it had been in a defective condition.

The proprietor of a store to which prospective customers are invited, like any other person who, expressly or impliedly, invites others upon his premises, is not an insurer of their safety while in the store, but owes to them merely the duty of exercising reasonable care to keep the store in a safe condition for their proper use. · Toland v. Paine Furniture Co., 175 Mass. 476, 56 N. E. 608; Schnatterer v. Bamberger & Co., 81 N. J. Law, 558, 79 Atl. 324, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139; Albachten v. Golden Rule, 135 Minn. 381, 160 N. W. 1012; Chilberg v. Standard Furniture Co., 63 Wash. 414, 115 Pac. 837, 34 L. R. A. (N. S.) 1079.   We are unable to interpret the decisions of the appellate courts of Pennsylvania, in Woodruff v. Painter & Eldredge, 150 Pa. 91, 24 Atl. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786, Bloomer v. Snellenburg, 221 Pa. 25, 69 Atl. 1124, 21 L. R. A. (N. S.) 464, Polenske v. Lit Bros., 18 Pa. Super. Ct. 474, and Sidwell v. Gimbel Bros., 52 Pa. Super. Ct. 286, as

enunciating any different rule. As a consequence of that rule, it of course follows, in a case such as this, where the defective condition was not a structural one, as it was in some of the before-cited Pennsylvania cases, but was due to the carpet or rug becoming out of repair, that, before the defendant could be charged with a failure to perform its duty to Mrs. Cranston, it was necessary for the jury to find, either that the defendant had actual knowledge of the worn-out or defective condition of the carpet a sufficient length of time before the accident happened to have enabled it to repair it, or to have warned Mrs. Cranston of its condition, or that its actual condition, at the time of the accident, had existed for such a length of time prior thereto that the defendant, in the exercise of reasonable care, should have discovered it before the accident and remedied it, or that its general condition before the accident was such that, in the exercise of reasonable care, the defendant must have anticipated that it would, in all probability, unless repaired or replaced, become dangerous to customers or persons lawfully passing over it.

The defendant's requests or points for instructions were therefore, in the main, proper, although, as actually framed, they perhaps did not express the rule just as we have above stated it. As they, or the rule of law intended to be conveyed by them, were not covered in the charge, and thus, as the jury's attention was not directed to the crucial points on which, under the evidence, the liability or nonliability of the defendant depended, we think there was error in declining to charge them, at least in substance.

It follows that the judgment must be reversed, and a new trial granted.