## ESPEL v. THE CINCINNATI WALNUT THEATER AMUSEMENT CO.

*Negligence—Injury to motion picture theater patron falling in aisle—Degree or standard required in lighting theater —Section 12600-35, General Code—Building code provisions inapplicable to theater erected before statute enacted—Provisions apply to stairways and not aisles —Sections 12600-21, 12600-27 and 12600-274, General Code —Evidence admissible to prove statute inapplicable, although issue not pleaded.*

1. Under Section 12600-35, General Code, requiring that theaters be well and properly lighted during every performance, no definite degree or standard being given, lighting must be such as ordinary prudence would demand, considering purpose for which theater was used and having due regard for safety of patrons.

2. Negligence of theater for injury to patron falling in aisle cannot be predicated on failure to comply with Sections 12600-21, 12600-27, and 12600-274, General Code, with reference to width of aisles, height of risers, and width of treads, where theater in question was constructed before enactment of such sections, which apply only to new structures, and, further, as such sections applied to stairways and not aisles.

3. In action against theater by patron falling in aisle, defendant's testimony with reference to time theater was erected, offered for purpose of showing that certain sections of Code relied on by plaintiff did not apply to defendant theater, was properly admitted as against objection that it was not made an issue by the answer, since it was not an affirmative defense and was not required to be pleaded.

(Decided July 6, 1925.)

ERROR: Court of Appeals for Hamilton county

[1] Theaters and Shows, 38 Cyc. p. 269; [2] Id., p. 268; [3] Id., p. 270 (Anno.).

*Mr. Joseph B. Kelley,* for plaintiff in error.

*Messrs. De Camp, Sutphin & Brumleve,* for defendant in error.

BUCHWALTER, P. J.    The action was for damages for personal injuries, alleged to have been sustained while plaintiff was a patron in the theater of the defendant.

Plaintiff claims that while she was attempting to descend the steps in one of the balconies of said theater, and was holding the hand of her mother and directing her, in an effort to obtain seats, the mother fell, causing plaintiff also to fall, and that she thereby received the injuries complained of.

Plaintiff further claims that said injuries were the result of the negligence of the defendant in the following particulars:

(1) That the theater was not well and properly lighted.

(2) That the aisles were too narrow.

(3) That the risers and treads of the steps in the aisle were not uniform.

(4) That the ushers were negligent in failing to direct and guide plaintiff and her mother to the seats.

Defendant, by answer, denied negligence, and averred that the injuries received were the result of plaintiff's sole negligence.    To this answer, a reply was filed, denying negligence.

The trial resulted in a verdict for the defendant, upon which judgment was entered, and it is to reverse this judgment that error is now prosecuted.

Error is claimed in the following particulars:

(1) That the verdict is manifestly against the weight of the evidence.

(2) That the court erred in giving defendant's special charges 2, 4, 5, and 6.

(3) That the court erred in refusing to give plaintiff's special instructions 6 and 7.

(4) The court erred in its general charge.

(5) Error in the admission and rejection of . testimony.

(6) Error in permitting a view of the premises by the jury.

We have examined the bill of exceptions, and do not find that the verdict is manifestly against the weight of the evidence.

Special charge No. 2 relates generally to the degree of care required of plaintiff and defendant, and the charge as given contained a correct statement of the law as to that. Special charge No. 4 was as follows:

"I charge you that when the law says that a theater should be well and properly lighted during every performance, it means only that a theater used for motion pictures should be lighted as ordinarily prudent persons operating such theater would light it, under the same or similar circumstances, and if this were done by the defendant, then the defendant was not· negligent in that regard."

The plaintiff claims that this charge nullifies plaintiff's special charges 1 and 3, wherein the court charged the jury that it was defendant's duty to keep the theater well and properly lighted, and that if the failure to do so was the proximate cause of the injury defendant was liable.

There is no question under the evidence that the theater was lighted. The only question as to this allegation of negligence was whether it was well and properly lighted. The plaintiff entered the theater with her mother early in the afternoon of a bright day, and ascended a stairway to the balcony floor. In the balcony the lights were dimmed, as they were throughout the theater, and it was known to plaintiff that when a motion picture is being shown the lights are necessarily dimmed so that the picture may be properly displayed. Plaintiff saw side lights, saw that the rear seats were not occupied by patrons, but claimed that the balcony was quite dark—too dark to see the step.

By what standard or measure is a motion picture theater to be lighted during a performance? The Code, Section 12600-35, designates it as "well and properly lighted." It would seem that where no definite degree or standard is given, the lighting must be such as ordinary prudence would demand, considering the purpose for which the theater was used and having due regard for the safety of the patrons, and, while this charge may not have been in the best form, we do not believe that the jury were misled by it to the prejudice of the plaintiff in error.

The plaintiff was allowed to introduce evidence as to the lighting of other motion picture theaters, as a comparison, and the special charges, together with the general charge, advised the jury as to the duty owed by defendant in this regard.

We do not consider that the court was in error in stating that to be well and properly lighted the theater is to be lighted as ordinarily prudent per-

sons would light it under the same or similar circumstances. We therefore find no error in this charge.

Charges 5 and 6 contain the instruction that under the law applicable to these cases there is no requirement that the risers and treads be of a specific size, nor that the aisles should be of a specific width, and it is claimed by plaintiff that this is error and eliminates two of the grounds of negligence claimed.

The evidence shows that this theater had been erected prior to the enactment of the sections of the Code that relate to the size of risers and treads and the width of aisles. These provisions referred to were with reference to new structures, or the addition to, or alteration of, old structures. They are contained in Section 12600-274, General Code, and clearly show that the sections with reference to the width of aisles, height of risers, and width of treads were enacted solely with reference to new structures. Further, this was not a stairway, but was an aisle. The Code provides that "handrails shall be provided on both sides of all stair-ways and steps" (Section 12600-21, General Code), and that "aisles placed against the outer walls of balconies and galleries shall be provided with substantial wall handrails" (Section 12600-27, General Code). It would seem from this and the other provisions that the steps in question were not a part of a stairway, as the Code describes a stairway, but that they were a part of an aisle. The evidence of the experts also bears out this construction.

An examination of the evidence does not show

that the injuries resulted proximately either from the narrowness of the aisle or from the fact that the steps in the aisle were not of uniform height or tread. For these reasons we do not consider that the court was in error in refusing to give special charges Nos. 6 and 7.

The error complained of as to the admission of testimony is with reference to the time the theater was erected, and it is urged that this was not an issue, because it was not made so by the answer. Plaintiff introduced testimony with reference to the construction of the aisles and steps. The evidence introduced by the defendant was for the purpose of showing that certain sections of the Code, relied on by the plaintiff, did not apply to this theater. It was not an affirmative defense, and not required to be pleaded. We find no error in the admission of this testimony. The general charge is complained of, but, taken as a whole, it clearly sets forth the law of the case and sufficiently defines the issues.

It is urged by plaintiff in error that the court abused its discretion in allowing a view of the premises. The court did grant the motion, and charged the jury fully as to the purposes for which they were sent to view the premises.

We find there was no abuse of discretion or error in granting this motion. The jury might well have found under the evidence that the injuries were the result of the sole negligence of the plaintiff and her mother, or at least that the plaintiff's negligence contributed proximately to cause the injury.

We consider that the case was fully and fairly

submitted to the jury, and find no error in the record prejudicial to the plaintiff in error.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.