## AUGUSTA DOERFER v. NORTH SIDE SPIRITUAL CHURCH OF MINNEAPOLIS.[1]

January 7, 1927.

No. 25,583.

**Complaint good as against general demurrer.**
> The complaint in a personal injury action averred that plaintiff was caused to fall and suffer injuries in a place of public amusement by reason of the excessive application to the floor of wax which adhered to her shoes in such manner as to enhance the danger of slipping and render the floor highly unsafe and dangerous. There are other allegations which may render the whole equivocal, but, in view of the liberal construction to be applied, the complaint is good as against a general demurrer.

Theaters and Shows, 38 Cyc. p. 268 n. 55.

Plaintiff appealed from an order of the district court for Hennepin county, Reed, J., sustaining defendant's demurrer to the complaint. Reversed.

*Virginia B. Blythe* and *Thomas Kneeland*, for appellant.
*Victor M. Petersen*, for respondent.

[1]Reported in 211 N. W. 678.

STONE, J.

Appeal by plaintiff from an order sustaining a general demurrer to the complaint in a personal injury action.

The injuries complained of were suffered by plaintiff, it is alleged, while she was attending an evening entertainment in the church edifice of defendant. An admission was charged, so we assume that plaintiff was entitled at least to that degree of care due an invitee.

A particular charge of negligence is that the floor of the aisle which led plaintiff to her seat had been given a dressing of wax; that the illumination of the floor at the time being was such that she was prevented from discerning its dangerous condition; that the wax had been put on in such quantities and in such manner as to render the floor "slippery, unsafe and dangerous;" that the "wax would and did adhere in a sticky mass to the bottom" of the shoes of patrons and thereby created a "greater liability to slip" and made the floor "highly unsafe and dangerous" to patrons. We think this a charge of actionable negligence and that the demurrer should therefore have been overruled.

True, there is inconsistency in that the wax is said to have been "sticky" and yet enhanced the danger of slipping. The complaint may be equivocal also in that it charges that the floor was "scaly, rough and uneven," a condition which in connection with the wax is alleged to have enhanced the danger. But such objections go to the logic of a pleading rather than its legal sufficiency. And we are here concerned with the efficacy of the charge of negligence and not with the obstacles there may be to its proof. In view of the liberal construction to which this complaint was entitled as against a demurrer and the particular allegation of enhanced danger above considered, the order sustaining the demurrer must be reversed. An interesting case is Langley v. F. W. Woolworth Co. — R. I. —, 131 Atl. 194. There negligence was successfully predicated upon the presence on the floor of defendant's store of such an ordinarily innocuous agency as a few peanuts. Our own case of Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012, is clearly dis-

tinguishable. There the only basis for the charge of negligence was a plainly observable step from a lower to a higher floor, a very common thing in public buildings and other places to which the public are invited—so common and so necessary as not, standing alone, to constitute negligence.

Order reversed.