# L. B. POPPLESTON v. PANTAGES MINNEAPOLIS THEATRE COMPANY.[1]

July 6, 1928.

No. 26,708.

**Action for negligence in lighting theater.**

Plaintiff fell on a stairway in defendant's theater. In this action to recover damages for the injuries received in the fall, defendant was charged with negligence in failing sufficiently to light the stairway and in not constructing and maintaining it as required by the city ordinance. It is *held*:

**Defendant not entitled to directed verdict.**

1. Defendant's negligence and plaintiff's contributory negligence were for the jury, and defendant was not entitled to a directed verdict.

**Limitation of evidence in charge was correct.**

2. Evidence of violation of the city ordinance touching the construction and maintenance of stairways in places of public amusement was properly received and correctly limited in the charge.

**Condition of stair carpet.**

3. While the court admitted evidence of the condition of the stair carpet as a circumstance surrounding the accident, the jury were charged not to base a recovery upon any defect in the carpet.

**New trial not justified by conduct of attorney.**

4. The claimed misconduct of the attorney for plaintiff would not justify this court in granting a new trial.

**Refusal to give requests.**

5. There were no errors in the refusal to give requested instructions nor in the charge as given.

Appeal and Error, 4 C. J. p. 957 n. 67; p. 1003 n. 56; p. 1129 n. 58. Theaters and Shows, 38 Cyc. p. 270 n. 68; p. 271 n. 71.

See note in 22 A. L. R. 671.

[1]Reported in 220 N. W. 418.

Action in the district court for Hennepin county by Cecile Poppleston to recover damages for injuries sustained by her in a fall in defendant's theater. She recovered a verdict of $6,500, and defendant appealed from an order, Dickinson, J. denying its alternative motion for judgment or a new trial. Pending the appeal to this court plaintiff died, and her husband, L. B. Poppleston, as administrator of her estate, was substituted as plaintiff. In the opinion the deceased is referred to as the plaintiff. Affirmed.

*L. K. Eaton,* for appellant.

*Kelly, Bauers & Carlson,* for respondent.

Holt, J.

Appeal from an order denying defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial.

Defendant owned and operated a theater in Minneapolis. Plaintiff attended a performance therein during the afternoon of June 5, 1925, and had occasion to go to the women's rest room. She drew the curtain of the doorway opening onto the stairway leading down to the rest room. This was a carpeted stairway about five feet wide with a handrail in the center and one on each wall. She claims the stairway was not lighted except by a bridge lamp at the foot and such light as came from the lights in the foyer outside the doorway mentioned, and also that the stairway did not comply with the city ordinance and was not maintained in a proper or safe manner. And she avers that due to defendant's negligence in relation to the stairway, as stated, she fell in attempting to go to the rest room and sustained a fractured arm and other injuries.

The main contention is that the court should have directed a verdict for defendant, and that this court should grant judgment notwithstanding the verdict. It was not disputed that the stairway did not conform to the city ordinance, the risers being higher and the steps not so wide as prescribed. Plaintiff and two witnesses testified positively that no lights were lit in the stairway except a bridge lamp at the foot thereof, leaving the steps at the head of the stairway in semi-darkness with deceptive shadows. Defendant's witnesses testified that there was no bridge lamp there, and that the

stairway was well illumined with blue lights at the top and amber lights over the foot of the stairway, all lit at the time plaintiff fell. With this conflicting evidence the main charge of negligence, inadequate light, became a jury question.

The law requires of the owners of paid public amusement places care and active vigilance in protecting their patrons against perils. 4 Dunnell, Minn. Dig. (2 ed.) § 6988. A stairway, unless properly lighted, may be a source of danger, especially for persons who are not accustomed to use it. Plaintiff's contributory negligence was for the jury. This stairway leading to the rest room was designed for use by patrons of the defendant, and the case is not like the one of Dehn v. Buck, 165 Minn. 310, 206 N. W. 435. As to the issue of defendant's negligence as well as that of plaintiff's contributory negligence, the case at bar is not distinguishable from Barrett v. Van Duzee, 139 Minn. 351, 166 N. W. 407—a fall on a stairway in a theater—where neither issue was considered to be for the court. However the jury found against the plaintiff therein. It is quite clear that this plaintiff's evidence, accepted by the jury, is not the same as that of the plaintiff in Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012, where it was held that a verdict for defendant was properly directed.

The only error on the reception of evidence meriting notice is in reference to admitting proof of violation of a city ordinance requiring the risers and steps of stairways in places like defendant's to be of prescribed dimensions and well lighted. Under the complaint, as amended at the trial, the evidence was properly received; and the court carefully instructed the jury that they could base no liability upon any violation of the ordinance unless such violation was found to be a proximate contributing cause to plaintiff's fall. The point of the instruction was illustrated by the statement that since plaintiff fell at about the upper step the condition of the steps below could not have contributed to the accident and was immaterial.

There was some testimony as to the looseness of the carpet on the stairway, but no direct statement of plaintiff attributing her fall to

the condition of the carpet. Defendant's motion to strike out this testimony was denied and error is assigned on the ruling. The carpet was a part of the fittings of the stairway. Under the complaint the condition of the carpet properly was admissible. But the court charged the jury that they could not base liability on any defect in the carpet, although that as well as other fittings, such as the handrails, were matters to be considered as part of the surroundings of the accident. No prejudicial error occurred in relation to the carpet on the stairway, and the court, as above indicated, substantially gave defendant's requested instruction No. 14.

Misconduct of counsel for plaintiff is also made a ground for assignments of error. The misconduct relates to the final argument to the jury. It was sought to have the jury draw the inference that the assistant manager, having received information of plaintiff's fall, in passing to her assistance turned the switches lighting the stairway, the lights having been turned off to save expense. The inference suggested had some foundation, there being evidence that the lights were not turned on at the time of the accident, that the switch controlling those lights was passed by the assistant manager in going to plaintiff's aid, and that some time previous to the accident such manager was overheard receiving directions from his superior to "cut out" certain lights. Another statement of counsel referred to an insurance company's being pleased with a small verdict. The statement might not be commended as in good taste in the connection in which it was made, but defendant gave ample opportunity for bringing the interest of the insurance company to the attention of the jury by placing upon the witness stand the person whom the company sent to plaintiff to procure a written version of the accident and its cause.

We need not discuss the cases relied on by defendant except to say that Espel v. Cincinnati Walnut Theater Co. 20 Ohio App. 470, 152 N. E. 684, was appealed by the plaintiff from the order denying a new trial after a verdict for defendant, and is on its facts like that of Barrett v. Van Duzee, 139 Minn. 351, 166 N. W. 407. Toland v. Paine Furniture Co. 175 Mass. 476, 56 N. E. 608, is like Albachten

v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012. Oakley v. Richards, 275 Mo. 266, 204 S. W. 505, might well have been cited by plaintiff in support of the submission of the issues here of defendant's negligence and her contributory negligence to the jury, and in approval of the verdict rendered thereon. Holmes v. United Theaters Co. 186 Mich. 548, 152 N. W. 987, affords appellant some encouragement, but it relates to a mere disarrangement or buckle of the mat leading up to the ticket office. There no claim of insufficient light was made. Branch v. Klatt, 165 Mich. 666, 131 N. W. 107, is here more in point than the Holmes case.

There was no error in giving plaintiff's request No. 2. The charge of the learned trial court was free from the fault attributed to it by defendant's counsel.

The order is affirmed.