### DAISY E. BIXBY v. MINNEAPOLIS, NORTHFIELD & SOUTHERN RAILWAY COMPANY.[1]

January 20, 1939.

No. 31,895.

[1]Reported in 283 N. W. 493.

*Burton R. Sawyer* and *James O. Caulfield,* for appellant.
*Grant L. Martin* and *Charles F. Noonan,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues to recover damages sustained while departing from defendant's station in Northfield. There was a directed verdict for defendant on the ground that plaintiff failed to prove that defendant was guilty of negligence. Plaintiff's evidence is not disputed. It shows that on October 20, 1937, she made a round trip from Northfield to Minneapolis on defendant's trains; that she returned in the evening at about 6:30 p. m. and that it was then dark; that defendant's station is a small frame building situated about 130 feet back from the street; that there was a small electric light on the west side of the depot with a reflector which cast the light downward; that passengers in leaving the depot walked along the railroad tracks a short way from the depot building to a path which cut across to a near-by street; that the area around the depot and along the tracks to the path was a rather compact mixture of cinders and gravel with some rocks protruding a little; that plaintiff started for the road, and when she had proceeded about two steps beyond the station building she fell and fractured her right femur near the hip. There was evidence that the surface of the ground was rough and that it was dark where plaintiff fell. Photographs, however, showed the place to be rather level. Protruding rocks made the surface somewhat uneven. She says there was loose gravel where she fell: "I stumbled over something—a piece of heavy gravel or some such." Plaintiff was 62 years old, suffered from an illness, and had trouble with her eyes, which she claimed was corrected by use of eyeglasses. She was familiar with the location, having walked over the place many times. The claim of negligence is based upon the grounds that defendant furnished a rough and irregular way of approach down a fairly steep slope from its station, and defendant failed to light the location.

■ We think the first contention cannot be sustained since the evidence shows that plaintiff did not fall on a rough and irregular slope. She fell where it was level but perhaps uneven by reason

of the protruding rocks. Ordinarily it would have been safe for a person to walk there. For purposes of decision we shall assume that the place was free from defects and obstructions. A common carrier of passengers is under the duty to exercise reasonable care to keep its depot, platforms, and approaches in safe condition for the use of passengers, and this duty includes proper lighting at night, for breach of which it may be found guilty of negligence. Buenemann v. St. P. M. & M. Ry. Co. 32 Minn. 390, 20 N. W. 379; T. & P. Ry. Co. v. Stewart, 228 U. S. 357, 33 S. Ct. 548, 57 L. ed. 875; Fordyce v. Merrill, 49 Ark. 277, 5 S. W. 329. This duty may not be fully discharged by providing a reasonably safe depot, platforms, or approaches. The carrier may be under an additional duty to light the premises if a passenger is subjected to danger by the use of them in the dark. Duell v. C. & N. W. Ry. Co. 115 Wis. 516, 92 N. W. 269. The question is one of fact in each case because there is no absolute test of what constitutes negligence in a case of this kind. In Patten v. C. & N. W. Ry. Co. 32 Wis. 524, 531, the court said: "Whether there was a want of such care and prudence as the company should exercise in the particular case, in not having a light in or about the depot when the plaintiff left the train, is not a pure question of law, but rather one of law and fact." The jury had a right to consider the distance of the depot from the street, Patten v. C. & N. W. Ry. Co. supra, and the unevenness of the surface due to protruding rocks with the consequent danger of slipping and stumbling in connection with the darkness in determining whether defendant exercised reasonable care. A place free from structural defects and otherwise safe may be dangerous to use if not lighted. Barrett v. Van Duzee, 139 Minn. 351, 166 N. W. 407. In the cited case we held that the owner of a theater may be found guilty of negligence solely for failure properly to light a stairway free from defects in consequence of which a patron slipped and fell. In Duell v. C. & N. W. Ry. Co. supra, the supreme court of Wisconsin applied the rule to a similar situation involving the duty of a carrier to a passenger. To the same effect, Poppleston v. Pantages Minneapolis Theatre Co. 175 Minn. 153, 220 N. W. 418. In Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012, we held that the

owner of a store might be guilty of negligence in failing properly to light a hallway even though the hallway might be properly constructed and free from obstructions.

The basis of plaintiff's case is not, as claimed, purely conjectural. Plaintiff says that she fell or slipped on a piece of heavy gravel which she did not see. If her inability to see the piece of gravel by reason of the darkness caused her to slip or fall, defendant would be liable. Barrett v. Van Duzee, *supra.*

■ Plaintiff was not guilty of contributory negligence as a matter of law even though she was familiar with the location. Barrett v. Van Duzee; Poppleston v. Pantages Minneapolis Theatre Co. *supra.*

Reversed and new trial granted.

