PERCY DEVALL v. STANDARD OIL COMPANY AND OTHERS.
HELEN DEVALL v. SAME.
LAURA DEVALL v. SAME.
MARGARET ORR, RESPONDENT.[1]

April 2, 1953.

Nos. 35,790, 35,791, 35,792.

[1]Reported in 57 N. W. (2d) 835.

*Stone, Manthey & Carey,* for appellant Alex E. Leonard.

*Nye, Montague, Sullivan, Atmore & McMillan,* for appellant Standard Oil Company.

*D. A. Bourgin* and *Lewis, Hammer, Heaney, Weyl & Halverson,* for respondents.

CHRISTIANSON, JUSTICE.

Separate actions are brought by Laura Devall and Helen Devall to recover damages for personal injuries resulting from a collision

between a car driven by defendant Margaret Orr, in which plaintiffs were passengers, and a car driven by defendant Helen McHardy and owned by defendant William James McHardy. Percy Devall, Laura Devall's husband, also seeks to recover damages resulting to him on account of his wife's injuries. The three actions were consolidated for trial and appeal. Verdicts were directed by the trial court in favor of defendants William James McHardy and Helen McHardy. The jury returned verdicts for plaintiff against defendants Margaret Orr, Alex E. Leonard, and Standard Oil Company in each case. Defendants Alex E. Leonard and Standard Oil Company appeal from an order denying their alternative motions for judgment notwithstanding the verdicts or a new trial.

These cases arise out of the same collision involved in McHardy v. Standard Oil Co. 231 Minn. 493, 44 N. W. (2d) 90, and Leman v. Standard Oil Co. 238 Minn. 379, 57 N. W. (2d) 814.

At about 3 p. m. on February 25, 1948, defendant Leonard, driving defendant Standard Oil Company's truck, was driving south on trunk highway No. 53 approaching the bridge over the Cloquet river. Margaret Orr was following the Standard Oil Company truck in a 1946 Ford. At the same time and place, defendant Helen McHardy was traveling north in a 1941 Pontiac. The Orr car and the McHardy car collided and the plaintiffs Laura and Helen Devall were injured.

Trunk highway No. 53 is paved with tarvia and is about 21 feet wide at the scene of the accident. Guard posts extend 225 feet north from the bridge leaving a narrow shoulder on each side of the highway. The Standard Oil Company truck was eight feet in width and 23 feet 4 inches in length. The collision took place about 80 feet north of the bridge in the east lane of the highway. North of the bridge the highway is straight for about 225 feet to the end of the guard posts and then begins to curve gradually to the east. The tarvia was dry with some snow and ice on the shoulders at the time in question. Approaching from the north, a driver can see the north end of the bridge when he is about 800 feet from it.

Taking the facts most favorable to the verdicts, as we must, the pertinent facts insofar as the present appeals are concerned appear as follows: Defendant Leonard, without giving any warning, suddenly decreased the speed of the truck and brought it to a halt on the highway. As Margaret Orr rounded the curve she observed the truck about 250 feet in front of her going somewhat slower than her car. She reduced her speed to 40 to 45 miles per hour. She suddenly became aware that the truck was stopping. At this point, about 75 feet from the truck, she applied her brakes, turned to the right, and skidded on the icy shoulder. She then swung to the left to avoid hitting the truck and collided with the oncoming McHardy car at a point immediately adjacent to defendants' stopped truck. She had her brakes applied all this time and her speed was not over 20 miles per hour at the time of the impact.

■ Appellants contend that the evidence is insufficient to support the verdict against them. They rely primarily upon the testimony of Fred Wallin, a deputy sheriff, who arrived at the scene of the accident shortly after it happened. He testified that he observed tracks from the truck in the snow on the west shoulder extending a distance of 50 to 80 feet north of the bridge. Appellants maintain that his testimony established a physical fact which conclusively contradicts the jury's finding against them. In this, appellants are in error because, even if we assume that the truck's tracks extended 80 feet north from the bridge, the maximum distance testified to by Mr. Wallin, that fact would not conclusively establish that at the time of the collision defendants' truck was parked five or ten feet north of the bridge as contended by appellants. The jury could still find, as plaintiffs contend, that Leonard moved the truck up to the bridge after the collision and that at the time of the collision the truck was stopped so that its right wheels were on the shoulder and its rear end was about 80 feet north of the bridge.

Appellants further contend that it conclusively appears from the evidence that defendant Leonard's negligence was not a contributing proximate cause of the collision. In their brief they assert that

"The stopping of the truck had nothing at all to do with the accident." However, viewing the evidence in the light most favorable to the verdicts, the jury could find that Leonard, without giving any warning, stopped the truck suddenly on the highway; that at the time Mrs. Orr was following the truck so closely that she could not stop behind the truck; that to avoid hitting the truck she swung her car to the left and collided with the McHardy car; and that the negligence of Leonard and Mrs. Orr concurred to cause the collision. Thus it becomes clear that the evidence supports the jury's finding that the concurring negligence of Leonard and Mrs. Orr was the proximate cause of plaintiffs' injuries. The same conclusion was reached by this court in Cooper v. Hoeglund, 221 Minn. 446, 22 N. W. (2d) 450, where the facts were practically identical in all material respects with those presented in the instant case. In view of that case and the opinion of this court in Medved v. Doolittle, 220 Minn. 352, 357, 19 N. W. (2d) 788, 791, we do not believe that any further discussion of the doctrine of proximate cause is necessary at this time.

We therefore conclude that appellants were not entitled to directed verdicts and that their motions for judgment notwithstanding the verdicts were properly denied.

■ Appellants' only other assignment of error is that the trial court erred in refusing to give the following requested instruction:

"If from the evidence you find that the Standard Oil Company truck was parked at the north end of the bridge on its own side of the highway during all the time that Mrs. McHardy traveled the quarter of a mile south of the bridge, then and in that event your verdict should be in favor of defendants Leonard and Standard Oil Company."

The trial court gave the following instruction:

"* * * if from the evidence in this case you find that Mrs. Orr knew or in the exercise of ordinary care should have known of the presence of the truck standing or stopping ahead of her for a length of time sufficient to enable her to bring her automobile to

a stop behind the truck and on her own side of the highway, then and in that event there can be no verdict against defendants Alex Leonard and the Standard Oil Company."

The latter instruction was approved by this court in both the McHardy and the Leman cases, *supra,* and, when read in light of the court's general charge on proximate cause, was a clear and adequate presentation of the law applicable to this issue of the case. This court has repeatedly held that a refusal to give a requested instruction is not ground for a new trial if the general charge has adequately covered the substance of the request. 6 Dunnell, Dig. & Supp. § 9777. Since the court's general charge was clear and adequate, the denial of the requested instruction cannot be said to have been prejudicial to appellants. Accordingly, any further discussion of this assignment of error would seem unnecessary. See, Swanson v. LaFontaine, 238 Minn. 460, 469, 57 N. W. (2d) 262, 268; Barnes v. Northwest Airlines, Inc. 233 Minn. 410, 47 N. W. (2d) 180.

Affirmed.

KNUTSON, JUSTICE (concurring specially).

I fully concur in the above opinion. However, in order to be consistent, in view of my dissent in Leman v. Standard Oil Co. 238 Minn. 379, 57 N. W. (2d) 814, I think that I should explain my position. I do not believe that it would have been error to give the requested instruction. Neither was it error to refuse to give it in the exact language of the request so long as the substance of the request was given in the general charge. That is what was done here; hence, there is no prejudicial error.