ERNEST SOWADA v. GILES MOTZKO.
TONY MARSOLEK v. SAME.

98 N. W. (2d) 182.

August 14, 1959—No. 37,618.

*Atwood & Fletcher,* for appellants.
*Schermer & Gensler* and *Irvin E. Schermer,* for respondent.

MURPHY, JUSTICE.

These are appeals from judgments for the defendant, Giles Motzko, entered pursuant to verdicts awarding him $800 on his counterclaim against the plaintiffs. This case involves a rear-end collision between automobiles owned by plaintiff Tony Marsolek and the defendant. There was evidence from which the jury could find that the plaintiffs' car had stopped upon the highway in violation of M. S. A. 169.32.

From the record it appears that the plaintiff Marsolek and his nephew, plaintiff Ernest Sowada, of South St. Paul drove in the Marsolek car to Opole, Minnesota, on October 6, 1956. Sowada drove the automobile and was accompanied by Marsolek, who was a passenger. They visited relatives in the vicinity of Opole, Bowlus, and Browerville. On the road between Bowlus and Browerville an accident occurred. At that time Sowada was the driver and operator of his uncle's automobile. Tony Marsolek occupied the back seat, and two other passengers, Maurice Sowada and Elmer Sowada, who had joined them on the trip, were also in the car. Immediately prior to the accident, the Marsolek car was traveling north on Highway No. 71 just north of Long Prairie, Minnesota. It was the testimony of the plaintiffs that the car developed motor trouble as a result of which the car stopped. There is evidence in the record from which the jury could find that the Marsolek car came to rest on the right half of the traveled portion of the highway. At that point the highway was straight and level for a distance of 600 feet to the south and about a mile to the north. The accident occurred at about 2 a. m., October 7, 1956. The weather and visibility were normal. All of the lights on the stalled vehicle were apparently on and operating properly.

The defendant Motzko was driving his car in a northerly direction on Highway No. 71 directly behind another northbound vehicle at a distance of approximately 200 feet, and both cars were approaching the

stalled vehicle at about 45 miles per hour. The first of the moving cars, as it approached the stalled vehicle, swung to the left to pass without applying its brakes or decreasing its speed in any manner. The defendant saw the car ahead of him pull out from its lane of travel and, as it did so, he saw for the first time the taillights of plaintiffs' stalled car. At this point he was approximately 200 feet from the stalled vehicle and could have stopped his car within that distance in time to prevent the accident. The defendant, however, assumed that the stalled vehicle was merely another car moving slowly in the same direction he was going and did not realize that it was stopped until he was only 100 feet from it. At that time he was unable to turn out to pass the stalled vehicle because of a southbound car approaching the scene. He applied his brakes and skidded 83 feet into the rear of the plaintiffs' vehicle. As a result of this accident, the plaintiffs suffered serious personal injuries.

■ The principal grounds relied upon by the plaintiffs for a reversal are founded upon certain alleged prejudicial errors in the trial court's instructions to the jury. The plaintiffs assert that the trial court erred in instructing the jury on the issue of joint venture. The jury was told in the instructions:

"* * * In considering the question of contributory negligence on the part of the plaintiffs, you are instructed that negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. If, however, two or more persons unite in the joint prosecution of a common purpose or undertaking under such circumstances that each has authority, expressed or implied, to act for all in respect to the conduct or the means employed to execute such common purpose, the negligence of any one of them in the management thereof will be imputed to all the others."

According to plaintiffs the effect of this instruction was to inform the jury that the negligence which might be established as to the conduct of Sowada could be imputed to Marsolek and that they could thus deny recovery to him. The alleged act of negligence on the part of Sowada was in leaving a vehicle on the highway in violation of § 169.32.

Ownership of an automobile in which the owner is riding but which is being driven by another does not establish absolutely right of control in the owner, since right of control may be surrendered where the owner parts with possession of his car to another; and in that situation the parties stand in relationship of bailor and bailee. There is no evidence here that the owner interfered in any way with the management of his automobile. Christensen v. Hennepin Transp. Co. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945; Jacobsen v. Dailey, 228 Minn. 201, 36 N. W. (2d) 711, 11 A. L. R. (2d) 1429; Sackett v. Haeckel, 249 Minn. 290, 81 N. W. (2d) 833; 5A Am. Jur., Automobiles, § 577. In Christensen v. Hennepin Transp. Co. we said (215 Minn. 404, 10 N. W. [2d] 413, 147 A. L. R. 953):

"The owner of an automobile may be the operator's guest. Where the owner is the guest of the operator of his automobile, the operator's contributory negligence is not imputable to the owner, except where the operator is the owner's servant or agent or where the operator and the owner are engaged in a joint enterprise."

In the recent case of Burdick v. Bongard, 256 Minn. 24, 31, 96 N. W. (2d) 868, 874, we held that:

"* * * In the case of a passenger and driver of an automobile there can be a joint venture between them *only if each of them has the right to exercise control over the operation of the car.*"

Here there is no evidence in the record that the occupants of the automobile were engaged in a joint enterprise or that any relationship existed between the owner of the car and the driver which gave the owner authority to direct or assist in the operation and management of the car. Under the circumstances ownership alone is not evidence of joint venture or that a relation of principal and agent or master and servant existed. Petersen v. Schneider, 154 Neb. 303, 47 N. W. (2d) 863; Smalley v. Simkins, 194 Wis. 12, 215 N. W. 450. In Olson v. Kennedy Trading Co. 199 Minn. 493, 497, 272 N. W. 381, 383, we held:

"* * * A joint venture, like any other fact, must be proved by the party asserting it. It is not presumed."

65 C. J. S., Negligence, § 261.

Since the jury awarded a verdict on a counterclaim against Marsolek in favor of the defendant, it is apparent that the jury found that Marsolek was negligent. We have held on numerous occasions that it is prejudicial error for the court to submit a case to the jury upon a point upon which there is no evidence or where the evidence admits of only one reasonable inference. 14 Dunnell, Dig. (3 ed.) § 7174.

We must conclude that the instruction was prejudicial as to the plaintiff Marsolek.

■ The plaintiffs contend that the court erred in failing to give requested instructions as to the defendant's gross negligence and as to the issue of intervening efficient cause. The basis for submission of the issue of gross negligence on the part of the defendant is presumably founded on certain evidence in the record to the effect that the defendant had been without sleep for a period of 20 hours prior to the accident and the further evidence that he had visited places where intoxicating liquor was sold and between 10 or 10:30 p. m. and the time of the accident had consumed four or five alcoholic drinks. We cannot say that on the record the trial court erred in failing to submit the instruction on gross negligence, but in the light of the evidence relating to the circumstances of the accident we are of the view that the court should have submitted an instruction on the issue of whether the acts of the defendant constituted an intervening efficient cause of the collision. The trial court justified its refusal to give this instruction on the ground that it was not available "since such issue was not presented by the pleadings, nor did the evidence warrant the submission of this issue to the jury." We think the issue was clearly presented by the evidence.

The doctrine of efficient and superseding, intervening causes is closely related to the doctrine and rules of proximate cause. It acts as a limitation on the general rule of proximate cause, in that a superseding, intervening cause breaks the chain of causation set in operation by the original act of negligence and insulates the original negligent actor from liability for an injury which may result. We had occasion to examine the doctrine of superseding, intervening cause in Medved v. Doolittle, 220 Minn. 352, 354, 19 N. W. (2d) 788, 789. As in this case, a vehicle had been disabled and was standing on the highway in such a

manner as to be in violation of the statute. The driver of the car in which plaintiff was a passenger "first saw the truck parked in the south lane when he was a little over a quarter of a mile away * * * 500 feet away, and 150 or 175 feet away." In discussing whether or not the act of the driver of the oncoming car may have been an intervening efficient cause of the collision we stated (220 Minn. 360, 19 N. W. [2d] 792):

"Courts generally have held that, where the driver of an automobile colliding with the rear end of another automobile standing on a highway saw the standing one in time to avoid the collision and might have avoided it by the exercise of reasonable care either by stopping his own car or by turning to avoid the standing one, but did not, the negligence, if any, in permitting the car to be standing on the highway is not the proximate cause of the collision, and that the driver's conduct is a superseding, intervening cause thereof."

In the Medved case we held that because of the conduct of the driver of the oncoming car in failing to avoid colliding with the stalled car ahead of him and in "looking sideways" shortly before the collision such conduct was a new cause which intervened and was in itself sufficient to stand as the cause of the injury.

The theory of the plaintiffs' case was that, although the driver may have been negligent in leaving the vehicle stopped on the highway, that negligence was not the proximate cause of the accident, and further that the negligence of the defendant acted as a superseding, intervening cause to interrupt or turn aside the natural sequence of events produced by the driver of the stalled car, thereby insulating the plaintiffs from liability and preventing the defense of contributory negligence.

In support of its contention that the court should have instructed on the issue of intervening efficient cause, the plaintiff argues that the mere fact that the car was stalled upon the highway did not make an accident inevitable. The plaintiffs further point out that at the time the defendant was approaching the scene of the accident he was following another automobile at a distance of approximately 200 feet. Both cars were approaching the stalled vehicle at a rate of from 40 to 45 miles per hour. Adopting the version of the testimony most favorable to the de-

fendant, and assuming that his view of the road ahead was obscured by the car in front of him, it may be accepted as an established fact that the defendant first became aware of the presence of an obstruction or a slow-moving vehicle on the highway ahead when the preceding car turned to the left. At this point it is the plaintiffs' contention that the man of reasonable prudence would have decreased his speed in anticipation of the condition which induced the movement of the forward car. The evidence is that the car ahead proceeded to pass the stalled car without decreasing its speed and the defendant followed maintaining the same speed at the same distance behind the preceding car. The record is not clear as to the distance which separated the stalled car and the forward vehicle at the time the latter turned to pass. The record indicates that when the defendant first saw the stalled car it was 200 to 250 feet ahead of him. The defendant admitted that if he had applied his brakes at this point the collision could have been averted. It may be assumed that when the forward car began its movement to turn to the left a considerably greater interval separated the stalled car and the defendant's car. It may also be assumed from the evidence that, at the time the forward car pulled out to pass, the lights of the car approaching from the opposite direction were visible to the defendant. This may be assumed from the time element and the fact that the road was straight and level for a distance of a mile to the north. The plaintiffs further argue that, in addition to the warning given to the defendant by the operation of the forward car in turning to pass, the defendant had ample time to decrease his speed or bring his vehicle to a stop so as to avoid the accident after coming in view of the taillights of the stalled vehicle. The defendant admits that he did not apply his brakes until he was 100 feet from the stalled vehicle.

In applying the rule as to the intervening efficient cause as expressed in Medved v. Doolittle, *supra,* to the acts of the defendant here, we are not unmindful of certain decisions of this court to the effect that the operator of a motor vehicle has the right to assume that others are driving or using the highways lawfully,[1] and that where one looks at

---

[1]Sanders v. Gilbertson, 224 Minn. 546, 29 N. W. (2d) 357; Pearson v. Norell, 198 Minn. 303, 269 N. W. 643.

the lights of an automobile on the road directly ahead of him it is difficult to tell whether or not that car is moving and where defendant does not instantly realize the significance of the lights on such a car there is no element of negligence on his part.[2]

It is recognized that the question of what is an intervening cause which will supersede the original negligence of the wrongdoer always presents difficulties. The difficulty arises not so much with the rules of law in themselves as to the application of them to a given set of facts. 13 Dunnell, Dig. (3 ed.) § 7005. It is true that the time factor which characterizes the intervening efficient cause is not present here with the same force as presented in Medved v. Doolittle, *supra,* and Geisen v. Luce, 185 Minn. 479, 242 N. W. 8. In those actions, however, it was held that the negligence of the defendants constituted an intervening efficient cause of the accident as a matter of law. In Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 138, 50 N. W. 1034, 1035, 16 L. R. A. 203, 205, we said:

"* * * Whether the natural connection of events was maintained, or was broken by such new, independent cause, is generally a question for the jury."

We think that on the evidence before us there was a fact issue as to whether the failure of the defendant to avoid the collision was a foreseeable consequence of the standing of plaintiffs' car on the highway or whether the defendant had sufficient warning of the presence of the standing vehicle in time to avoid the accident but did not do so. Here the evidence establishes that the car had been stalled for less than a minute. The night was clear and conditions were conducive to safe driving. Since there might well be a reasonable difference of opinion regarding the foreseeability of the asserted intervening acts of the defendant, the question of intervening cause should have been submitted to the jury. See, Peters v. Bodin, 242 Minn. 489, 65 N. W. (2d) 917; Dahling v. Dammann, 251 Minn. 171, 87 N. W. (2d) 25; Simpson v. John J. Meier Co. 158 Neb. 264, 63 N. W. (2d) 158; Leman v. Standard Oil Co. 238 Minn. 379, 57 N. W. (2d) 814; Medved v. Doolittle, *supra*; Geisen v. Luce, *supra*; 13 Dunnell, Dig. (3 ed.)

---

[2]Rue v. Wendland, 226 Minn. 449, 33 N. W. (2d) 593.

§ 7011; Prosser, Torts (2 ed.) § 50. We are accordingly of the view that the plaintiffs should have had the benefit of the requested instruction as to intervening efficient cause and that it was error to deny it.

Numerous other points are raised by the plaintiffs by which it is asserted that the court's instructions are contradictory and misleading, as a result of which the jury was deprived of a clear and understandable statement of the issues and the applicable law. No exceptions were taken to the instructions as required by Rule 51, Rules of Civil Procedure. From an examination of the instruction as a whole, however, we are inclined to the view that the erroneous instruction with reference to joint enterprise carried over into other parts of the charge, particularly with reference to proximate cause and concurring negligence, which might have served to confuse the jury. Zurko v. Gilquist, 241 Minn. 1, 62 N. W. (2d) 351.

It is unnecessary to discuss the numerous additional points raised by the plaintiffs other than to observe that viewed against the background of the record the deficiencies in the charge related to fundamental law and controlling principle involved in the issues. Anderson v. Mid-Motors, Inc. 256 Minn. 157, 98 N. W. (2d) 188.

Reversed and new trial granted.