Esther E. DAHLBERG, et al.,
Appellants,

v.

MID–AMERICA FESTIVALS CORPO-RATION, d.b.a. Minnesota Renaissance Festival, Respondent.

No. C8–84–1728.

Court of Appeals of Minnesota.

May 7, 1985.

Review Denied July 17, 1985.

Karl L. Cambronne, Chestnut & Brooks, P.A., Minneapolis, for appellants.

John A. Hanson, Cosgrove & Hanson, Minneapolis, for respondent.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

LESLIE, Judge.

Plaintiffs Esther E. Dahlberg and Norma J. Peters brought this action in negligence against defendant Mid-America Festivals

Corporation d/b/a Minnesota Renaissance Festival for personal injuries they suffered when struck by a runaway pony and cart. Following a trial before a jury the district court directed a verdict for defendant and plaintiffs appeal from the judgment. We reverse and remand for a new trial.

## FACTS

Each year on weekends in late summer and early fall Defendant Mid-America Festivals Corporation operates the Minnesota Renaissance Festival near Shakopee, Minnesota. Large crowds attend the outdoor fair to watch live entertainment, and to shop and eat at various concessions operated under defendant's direction.

Mary McMillan has operated a pony cart concession at the festival for several seasons. Defendant allows McMillan to sell pony cart rides to children around the festival grounds for a small fee. As a part of her contract with defendant, McMillan agreed to follow defendant's directions on the use of her concession. Those directions included the hours and locations where the pony cart could give rides.

In 1982 Diane Kaiser worked for McMillan as a handler of a 15 to 20 year old Shetland pony named Pal. Kaiser, McMillan and the pony's subsequent owner testified that Pal is a very gentle and obedient pony, well accustomed to the children and the large crowds present at the festival. Although Pal had always performed his duties without incident, about noon on Labor Day 1982 he suddenly bolted. At first Kaiser held on to Pal's rope and was dragged along behind the cart containing three boys. She held on until the rope was pulled from her hands. One of the boys in the cart jumped and another fell down inside the cart. Pal charged toward a crowd of people watching a group of dancers and struck both plaintiffs, knocking them to the ground.

The central question at trial was why Pal unexpectedly spooked and ran on his path of destruction. About three months after the incident Diane Kaiser stated her belief that a bee had stung Pal. Kaiser stated that an unusually high number of bees pervaded the 1982 festival, far more than in past years. Pal spooked when Kaiser was giving a ride near the food booth garbage bins where she had noticed a particularly high concentration of bees. Mary McMillan also stated about three months after the incident that a bee sting probably caused Pal to break away from Kaiser's control.[1] Both women considered themselves experienced horse handlers and both were very familiar with Pal.

## ISSUE

Did plaintiffs present sufficient evidence to support a jury verdict that defendant negligently allowed a pony cart to operate among large crowds in the vicinity of an unusually high number of bees?

## ANALYSIS

A motion for a directed verdict should be granted only in those unequivocal cases where, after viewing the evidence in the light most favoring the non-moving party, "it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence, or contrary to the law applicable to the case". *Hanrahan v. Safway Steel Scaffold Co.*, 233 Minn. 171, 176, 46 N.W.2d 243, 247 (1951).

Defendant as operator of the festival owes a duty of reasonable care to its patrons. In *Diker v. City of St. Louis Park*, 268 Minn. 461, 130 N.W.2d 113 (1964) the supreme court said:

The rule is well established in Minnesota that a *private* person operating a place of public amusement is under an affirmative duty to make it reasonably

---

**1.** At trial Kaiser and McMillan testified that they did not know the reason Pal bolted and that their earlier statements were purely speculations. Since we are reviewing a directed verdict, we must accept the evidence in the light most favorable to plaintiffs and disregard as a jury might the changes in Kaiser's and McMillan's statements. *Zinnel v. Berghuis Construction Co.*, 274 N.W.2d 495 (Minn.1979).

safe for his patrons, and that the obligation of due care includes supervision and control of others on the premises whose actions may cause injury, at least where the defendant has actual or constructive knowledge of the activities involved.

*Id.* at 465, 130 N.W.2d at 116 (emphasis in original) (footnotes omitted).

■ We hold plaintiffs presented a prima facie case of negligence. Defendant directed McMillan to run her pony rides in the area of the grounds where large crowds gathered. Testimony established that the same area was filled with a high population of bees that year, particularly near the food booths and garbage bins. Two witnesses experienced with horses and familiar with the behavior of this particular pony believed that Pal was stung by one of the bees. Their inability to discover a welt several hours after the incident is not conclusive evidence that bees did not sting or otherwise arouse Pal. Under such circumstances where defendants directed operation of the pony ride among large groups of people we conclude that plaintiffs presented sufficient evidence to support a verdict in their favor.[2]

### DECISION

Plaintiffs were entitled to have their case decided by a jury. We reverse and remand for a new trial.

SEDGWICK, J., dissents.

SEDGWICK, Judge (dissenting).

I respectfully dissent.

On the facts of this case, it would be clearly the duty of the trial court to set aside a verdict in favor of appellants if the jury had returned one. The only basis on which the majority finds a prima facie case of negligence is the pure speculation of two witnesses that the pony had been stung by a bee. Following the incident where plaintiffs were injured, Diane Kaiser carefully examined the pony and found no evidence of swelling or a lump which would indicate

a bee sting. The trial court's directed verdict should be affirmed.

---

2. We do not reach plaintiffs' claim that the trial court should give the res ipsa loquitur instruction. Plaintiffs must prove the elements of that theory on remand.