Melody PHILLIPS, a minor in the care of her parent and natural guardian, Darrell Phillips, individually, Appellants,

v.

WILD MOUNTAIN SPORTS, INC., Respondent.

No. C1–89–116.

Court of Appeals of Minnesota.

May 9, 1989.

Ronald D. Alley, Steven M. Kellogg, Cochrane & Bresnahan, St. Paul, for appellants.

Craig H. Anderson, Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This case is a negligence action arising out of injuries suffered by appellant Melody Phillips while skiing at Wild Mountain ski resort, which is operated by respondent Wild Mountain Sports, Inc. The trial court granted summary judgment to Wild Mountain. We affirm.

## FACTS

Melody, 15 years old, skiing at Wild Mountain ski resort, had just finished a run down a slope when an unidentified skier struck her from behind, causing Melody to suffer a broken arm and various cuts.

Melody's friend came to the scene of the accident and spoke briefly with the unknown skier. The friend was of the opinion that the unknown skier was "obviously intoxicated," that he "smelled of intoxicating drink," and that his movements were "clumsy and uncoordinated." No one appeared to have observed the unknown skier's conduct prior to the accident and no evidence was presented which showed that the unknown skier had been skiing in a negligent or reckless manner any time that day.

Melody was taken to the ski patrol office where a written report was completed. While at the office, the skier who had collided with Melody came in to check on her. Melody told the ski patrol that this was the skier who had collided with her but neither Melody nor any member of the ski patrol obtained the name of this person.

The trial court determined that Wild Mountain could not be liable for Melody's injuries absent evidence showing that it was or should have been aware that the unknown skier posed a hazard to Melody and granted Wild Mountain summary judgment.

## ISSUE

Did the trial court err in granting Wild Mountain's motion for summary judgment?

## ANALYSIS

Melody argues that a fact issue exists relative to the sufficiency of Wild Mountain's supervision, thus barring summary judgment.

A private person operating a place of public amusement is under an affirmative duty to make it reasonably safe for his patrons, and that obligation of due care extends to supervision and control of others on the premises whose actions may cause injury. *Diker v. City of St. Louis Park*, 268 Minn. 461, 465, 130 N.W.2d 113, 116 (1964). However, actual or constructive knowledge of the dangerous condition by the defendant is a necessary prerequisite to recovery by the plaintiff. *Id., cited with approval in Dahlberg v. Mid–America Festivals Corp.*, 367 N.W.2d 112, 113–14 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. July 17, 1985).

No evidence was produced from which Wild Mountain could be charged with actual or constructive knowledge of the risk posed by the unknown skier to Melody. Consequently, summary judgment was proper. *Cf. Ruehling v. American Legion Pavilion, Inc.*, 255 Minn. 391, 96 N.W.2d 702 (1959) (JNOV granted for defendant manager of dance pavilion where evidence did not support plaintiff's claim that defendant had notice of facts from which he could reasonably foresee injury to a patron).

Melody poses the rather ingenious theory that Wild Mountain was required to ascertain the identity of the unknown skier after she was injured by virtue of some pre-exist-

ing duties between the parties. Evidently, the duty to identify derives from Wild Mountain's duty to supervise. As we previously noted, Wild Mountain was under no duty to prevent the unknown skier from careening into other skiers until his conduct was such as to alert Wild Mountain of a potential danger. Therefore, Melody's "failure to identify" theory, premised upon an alleged breach of Wild Mountain's duty to control, goes nowhere. We can find no authority that would impose upon Wild Mountain a duty to protect Melody's "litigation interest."

## DECISION

The trial court's decision granting summary judgment for Wild Mountain is affirmed.

Affirmed.