*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0236**

Sandra Williams, et al.,
Appellants,

vs.

Canterbury Inn Shakopee, LLC, d/b/a
Americas Best Value Inn & Suites,
d/b/a Arizonas Restaurant & Lounge,
Respondent.

**Filed December 7, 2015
Affirmed
Bjorkman, Judge**

Scott County District Court
File No. 70-CV-13-21550

Patrick Michenfelder, Frederick M. Young, Gries Lenhardt Michenfelder Allen, P.L.L.P., St. Michael, Minnesota (for appellants)

Mark R. Bradford, Kate L. Homolka, Bassford Remele, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellants challenge summary judgment dismissing their negligence claims and denying their request for spoliation sanctions, arguing that respondent breached its

heightened duty of care to make its premises reasonably safe and that spoliation sanctions are warranted because the video footage from the night of the fall underlying their claims was recorded over one week after the incident.  We affirm.

**FACTS**

This action arises out of a slip and fall incident that occurred on August 25, 2011, at respondent Arizonas Restaurant & Lounge.  Appellant Sandra Williams[1] and her companion arrived at Arizonas at approximately 7:00 p.m. and selected a table located on the tile dance floor.  As the evening progressed, Arizonas dimmed the lighting, which Williams had come to expect from her prior visits to Arizonas.  Williams left her table six or seven times to use the restroom or dance.  She did not notice anything that she considered dangerous on the dance floor.

Sometime after 10:00 p.m., Williams left her table to dance, took several steps and fell to the floor.  Her companion helped Williams off the dance floor and out into the lobby where she noticed her shorts were wet. Williams testified in her deposition that she was able to see the floor and did not notice anything that would have caused her to fall, but believed she must have slipped on something wet.  She stated that there was no liquid on the dance floor when she walked across it 20-30 minutes earlier.  A restaurant employee completed an incident report.  That report indicates that the employee and a witness looked for liquid on the dance floor but did not find anything.

---

[1] Appellant Gerald Williams asserts a loss-of-consortium claim based on injuries sustained by his wife.  In this opinion, "Williams" refers to Sandra Williams.

As a result of the fall, Williams broke her arm. She commenced this action alleging Arizonas was negligent because it provided inadequate lighting, placed high-top tables on the tile dance floor, and permitted patrons to carry drinks onto the dance floor. Arizonas moved for summary judgment, arguing that Williams had failed to show that a hazardous condition existed and that, if a hazardous condition did exist, Arizonas lacked actual or constructive knowledge of the condition. Williams opposed the motion, asserting that she was entitled to additional discovery,[2] that Arizonas has a heightened duty because it operates a place of amusement, and that genuine fact issues preclude summary judgment. Williams also argued that if the district court considered Arizonas's knowledge of the liquid on the dance floor determinative of Arizonas's negligence—a claim Williams did not make—spoliation sanctions were warranted because Arizonas recorded over the video footage from the night of the incident. Arizonas responded that it did not receive counsel's written notice of potential lawsuit and request to preserve any video footage until September 2—after the footage was automatically recorded over pursuant to policy.

The district court granted Arizonas's motion, concluding that Williams could not prove that Arizonas had knowledge of the allegedly hazardous condition. The court denied Williams's request for spoliation sanctions because she did not show that the video footage was relevant. Williams appeals.

---

[2] Williams did not file an affidavit as required by Minn. R. Civ. P. 56.06.

**D E C I S I O N**

**I.     Arizonas is entitled to summary judgment dismissing appellants' claims.**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that either party is entitled to judgment as a matter of law. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). No genuine issue for trial exists when the record, when taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Id*. at 69. We review a district court's summary-judgment decision de novo. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010).

To prevail on a negligence claim, a party must prove: (1) the existence of a duty; (2) breach of that duty; (3) an injury; and (4) causation. *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014). If the record lacks proof of any of these elements, summary judgment is appropriate. *Louis v. Louis*, 636 N.W.2d 314, 318 (Minn. 2001).

Williams first argues that Arizonas is a place of amusement, and therefore owed her a heightened duty of care. Our supreme court has not recognized restaurant and bar operations such as Arizonas as places of amusement. And as a restaurant, Arizonas lacks the characteristics common to locations that have been considered places of amusement in Minnesota, including paid admission and large-scale operations. *See Doe v. Brainerd Int'l Raceway, Inc.*, 533 N.W.2d 617, 621 (Minn. 1995) (racetrack); *Hanson v. Christensen*, 275 Minn. 204, 211, 145 N.W.2d 868, 873 (1966) (lake resort); *Poppleston v. Pantages Minneapolis Theater Co.*, 175 Minn. 153, 154-55, 220 N.W. 418, 418 (1928)

(theater); *Wells v. Minneapolis Baseball & Athletic Ass'n*, 122 Minn. 327, 331-32, 142 N.W. 706, 707-08 (1913) (baseball stadium); *Phillips v. Wild Mountain Sports, Inc.*, 439 N.W.2d 58, 59 (Minn. App. 1989) (ski resort). But we need not decide this issue of first impression. An operator's duty is heightened in the sense that its obligation to make its premises reasonably safe extends to supervising and controlling patrons and others on the premises. *Doe*, 533 N.W.2d at 621. But a plaintiff must still show the operator had actual or constructive knowledge of a dangerous condition. *Phillips*, 439 N.W.2d at 59; *see also Rinn v. Minn. Agric. Soc'y*, 611 N.W.2d 361, 365 (Minn. App. 2000) (stating that a landowner owes a duty of care to entrants upon the land to protect them from dangerous conditions the landowner created or has actual or constructive knowledge of). This case does not implicate any duty Arizonas may have with respect to the acts of its patrons. Nor does Williams assert that Arizonas had actual or constructive knowledge of the liquid on the dance floor. Rather, Arizonas's claimed negligence turns on three conditions it affirmatively created. Accordingly, we focus our analysis on these conditions.

Williams first argues that the lighting, which had been dimmed later in the evening, the location of the tables on the tile dance floor, and the policy allowing people to carry drinks onto the dance floor created dangerous conditions that caused Williams's fall. We address each of these conditions in turn.

Williams relies on *Smith v. Kahler Corp.*, for the proposition that a low lighting level breaches a landowner's duty of care. 297 Minn. 272, 211 N.W.2d 146 (1973). We are not persuaded. In *Smith*, the court held that the plaintiff had presented enough

5

evidence regarding the lighting in the restaurant to create a jury question as to whether the lighting created a dangerous condition. *Id.* at 276-77, 211 N.W.2d at 150. But the evidence in that case included specific evidence of the lighting level in the restaurant, expert testimony about the visibility that level provided, and evidence that the lighting did not comply with statutory requirements. *Id.* at 274-75, 211 N.W.2d at 149. No such evidence exists here. The only evidence Williams presented was her own testimony that Arizonas's lighting had dimmed as the evening progressed. There is no evidence regarding the actual level of visibility or lighting in Arizonas. And there is no evidence that the lighting level at the time of Williams's accident breached statutory, regulatory, or any other standard of care.

Williams next argues that the location of the tables on the tile dance floor created a dangerous condition that led to her fall. Williams relies on *Block v. Target Stores, Inc.*, a case involving a negligence claim based on the type of flooring in a store. 458 N.W.2d 705 (Minn. App. 1990), *review denied* (Minn. Sept. 28, 1990). The comparison to this case is not persuasive. Williams does not argue that the flooring was defective or that Arizonas failed to properly maintain it. Instead, Williams asserts that the placement of the tables on the dance floor created a dangerous condition. As with the lighting level, Williams provided no evidence that this condition breached any duty of care. Indeed, her argument appears to focus more on the causation element. Even if we assumed that the placement of the tables breached a standard of care, this aspect of Williams's claim would still fail. Williams had taken several steps away from her table before she fell.

Accordingly, the placement of the table on the dance floor lacks a meaningful connection to Williams's fall.

Finally, Williams challenges Arizonas's policy of allowing patrons to carry open beverages on the dance floor. Williams does not cite any authority that suggests that this policy violates a standard of care. Williams did not observe anyone spill a beverage on the dance floor. Williams can, at best, speculate that this policy led to someone spilling a beverage, thereby creating a dangerous condition. Williams has not presented any evidence to show how this policy constituted a breach of a duty.

In sum, Williams has not presented evidence that the lighting condition, placement of its tables on the dance floor, and policy allowing patrons on its dance floor with beverages breached any standard of care. Breach of a duty is typically a question of fact for the jury. *See Domagala v. Rolland*, 805 N.W.2d 14, 28-29 (Minn. 2011) (stating that whether a defendant's action satisfies a duty of care is a jury question). But not where the plaintiff fails to present any evidence of breach and the jury would be forced to speculate. *See Sandvik v. Jammes*, 281 Minn. 85, 90, 160 N.W.2d 700, 704 (1968) (proof of negligence must furnish more than a basis for speculation); *Harvet v. Unity Med. Ctr., Inc.*, 428 N.W.2d 574, 579 (Minn. App. 1988) (allegations based on speculation fail to create a jury question). Because Williams has not established this necessary element of her negligence claim, Arizonas is entitled to summary judgment.

**II.    The district court did not abuse its discretion by denying spoliation sanctions.**

A party has a duty to preserve evidence when the party knows or should know that litigation is reasonably foreseeable. *Miller v. Lankow*, 801 N.W.2d 120, 127-28 (Minn.

7

2011). Spoliation of evidence occurs when a party fails to preserve property for another party's use as evidence in either pending or future litigation. *Id.* at 127; *see also Hoffman v. Ford Motor Co.*, 587 N.W.2d 66, 71 (Minn. App. 1998) (defining spoliation as the destruction of relevant evidence by a party). District courts have broad authority in deciding whether to impose sanctions for spoliation. *Patton v. Newmar Corp.*, 538 N.W.2d 116, 119 (Minn. 1995). One of the factors relevant to this analysis is the extent of prejudice to the party seeking the destroyed evidence. *Miller*, 801 N.W.2d at 132. We review a district court's decision regarding spoliation sanctions for an abuse of discretion. *Id.* at 127.

As noted above, Williams asserted in the district court, and argues in this court, that Arizonas's negligence does not turn on its knowledge of any liquid on the dance floor. Thus, whether one of Arizonas's security cameras would have captured a liquid on the dance floor prior to Williams's fall is irrelevant. And to the extent the video could have shown that the lighting in the restaurant was dim, some tables were placed on the dance floor, and patrons were allowed to bring drinks on the dance floor, Arizonas does not dispute these facts. On this record, which reveals no prejudice to Williams, we discern no abuse of discretion by the district court in denying spoliation sanctions.

**Affirmed.**

8